IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KERRY SPANO, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-CV-00617-O |
| | § | |
| EAN HOLDINGS, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court are Defendant EAN Holdings, LLC's ("EAN") Motion to Dismiss (ECF No. 24), filed on September 18, 2025; Plaintiffs' Response (ECF No. 26), filed on October 9, 2025; and EAN's Reply (ECF No. 30), filed on October 23, 2025; Defendant Timony Knapp's Motion to Dismiss (ECF No. 25), filed on September 29, 2025; Plaintiffs' Response (ECF No. 28), filed on October 20, 2025; and Defendant Knapp's Reply (ECF No. 31), filed on November 3, 2025. After reviewing the relevant case law, the Court determines that Defendant Timothy Knapp's Motion to Dismiss is **GRANTED** and Defendant EAN's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**[1]

This case revolves around Defendants EAN and Timothy Knapp's ("Knapp") involvement and alleged misrepresentations regarding Plaintiffs' succession plans for their business. Plaintiffs Kerry and Joanna Spano own and operate Case Break Investigations, LLC (collectively,

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiffs' Amend. Complaint, documents attached to the complaint, and matters on which the Court may take judicial notice. *See* Pls.' Am. Compl., ECF No. 54; *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). At this stage, these facts are taken as true and viewed in the light most favorable to the plaintiffs. *Sonnier v. State Farm Mut. Auto Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

"Plaintiffs"). Plaintiffs are private investigators whose specialty is locating and recovering stolen cars. Plaintiffs entered into a contract with EAN to locate stolen rental cars. Plaintiffs' and EAN's working relationship continued for fifteen years with EAN repeatably expressing satisfaction with Plaintiffs' performance. Plaintiffs indicated their desire to retire to EAN on several occasions but delayed their retirement at EAN's request.

In 2019, Jason Hunt ("Hunt"), then a Risk Manager for EAN, expressed concern during a lunch meeting with Kerry Spano that there was no successor for Case Break. In accordance with EAN's wishes, Plaintiffs worked to ensure a succession to the business as part of their retirement and business planning. Plaintiffs set the date for their retirement as November 2023. In 2020, EAN terminated Kyle Kvancz ("Kvancz") an employee with whom Plaintiffs had liaised as part of their work for EAN. Kvancz was identified as a potential successor to take over Plaintiffs' business. On May 1, 2020, Kvancz started at Case Break. Hunt expressed his approval of the plan, noting that the Spanos would come to appreciate Kvancz's attention to detail. Hunt was subsequently promoted and replaced by Knapp.

At a lunch meeting on March 4, 2021, Knapp discussed the succession plan with Plaintiffs and stated he was "good" with Kvancz taking over, provided Case Break's numbers and results remained the same. Over the next couple of years, Plaintiffs trained Kvancz and received repeated assurances from Knapp and EAN that they approved of Kvancz taking over Case Break. During this period, Plaintiffs also hired Kvancz's wife as part of their succession plan. On March 6, 2023, Knapp and Kerry Spano had lunch where Spano related the specifics of the succession agreement to Knapp, who expressed his approval. In May 2023, after three years of planning, Plaintiffs prepared agreements with Kvancz to transition the business accordingly.

That same month, Plaintiffs met with Knapp and his superior, the Vice President of Finance, Tom Beruti ("Beruti") at EAN's office. Beruti revealed that he had investigated Kvancz and his wife's alternative "swinger" lifestyle and that while employed at EAN Kvancz had allegedly solicited colleagues. Beruti indicated that at least one of these incidents had been reported to EAN's Human Resources while Kvancz was employed there. Consequently, Knapp and Beruti vetoed Plaintiffs' succession plan and stated that Kvancz "would need to go."[2] Plaintiffs subsequently terminated Kvancz, and on August 2, 2023, Kerry Spano had his last meeting with Knapp where he informed Knapp that Plaintiffs would be moving forward with their retirement.

This action followed alleging claims for tortious interference with prospective relations against EAN and Knapp, fraud against EAN, and negligence and negligent misrepresentation against EAN and Knapp. Defendant moved to dismiss all of Plaintiffs' claims for failure to state a claim. The Motions are now ripe for the Court's review.

## II. LEGAL STANDARD

A "complaint will survive a Rule 12(b)(6) motion to dismiss if, accepting its factual allegations as true, the complaint plausibly states a claim for relief." *Loc. 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*, 810 F.3d 951, 956 (5th Cir. 2016). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court, in turn, must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). If there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id*.

---

[2] Second Amend. Compl. ¶ 14, ECF No. 21.

Where, as here, the complaint involves an allegation of fraud, Federal Rule of Civil Procedure 9(b) imposes a higher standard on the complainant, requiring that he plead with "particularity the circumstances constituting fraud." A plaintiff asserting a fraud claim must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

### III.  ANALYSIS

#### A. Defendant Knapp's Motion to Dismiss

Plaintiffs bring three of their four claims against both Knapp and EAN. Each of the claims brought against Knapp requires proving a duty of care as an element. Because Knapp was an employee of EAN at the time of the alleged misconduct, to prevail on their claims against Knapp, Plaintiffs must show that Knapp owed them an independent duty of reasonable care, apart from the employer's duty. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *see also Mosley v. SF Dallas 88, LLC*, No. 3:24-CV-2327-B, 2025 WL 963363, at *2 (N.D. Tex. Mar. 31, 2025) ("In Texas, individual liability for corporate employees arises 'only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.'") (internal citations omitted). "When an agent simply carries out a duty that the employer owes, however, he cannot be individually liable for breaching that duty. This is because '[c]orporations can . . . only act through individuals.'" *Fugitt v. Walmart Stores, Inc.*, No. 3:15-CV-2145-B, 2015 WL 7352194, at *3 (N.D. Tex. Nov. 19, 2015) (internal citations omitted).

Here, Plaintiffs have not sufficiently alleged that Knapp was acting in his personal capacity and not as an agent of EAN. Nor does the Second Amended Complaint establish that Knapp owed Plaintiffs an independent duty. Indeed, each of Knapp's alleged interactions with Plaintiffs was

because of Plaintiffs' business relationship with EAN.[3] Plaintiffs argue for the first time in their response that Knapp's "predecessor, Jason Hunt, ma[d]e clear that Knapp did not act solely on behalf of EAN."[4] But this allegation is contradicted by Plaintiffs' other pleadings.[5]

Plaintiffs' remaining allegations are all assertions against all defendants, such as "*Defendants* never intended to allow [Kvancz] to succeed, despite their assurances. Despite repeatedly providing verbal assurances to Plaintiffs . . . *Defendants* had no intention of allowing this to happen."[6]

Such inconsistent and "undifferentiated allegations are insufficient to support a finding that [Knapp] individually owed Plaintiffs a duty of care." *Fugitt*, 2015 WL 7352194 at *4. Accordingly, Defendant Knapp's Motion to Dismiss (ECF No. 25) is **GRANTED** as to all claims.

Plaintiffs have requested leave to amend.[7] However, Plaintiffs have not explained the facts that could provide a showing of Knapp's independent duty. As such, leave to amend is **DENIED**. *See Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 (5th Cir. 2012); *see also Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016) (a court need not grant leave to amend when amendment would be futile).

### B. EAN's Tortious Interference with Prospective Business Relations

Turning to EAN's Motion, Texas law governs all of Plaintiffs' claims against EAN. To prevail on a claim for tortious interference with prospective business relationship, Plaintiffs must show that:

---

[3] *See e.g.* Second Amend. Compl. ¶¶ 11, 13–15, ECF No. 21.
[4] Pls.' Resp. Def. Knapp's Mot. Dismiss 3, ECF No. 28.
[5] *See e.g.* Second Amend. Complaint at ¶¶ 10, 11, 16, ECF No. 21 ("[Hunt] who had previously suggested the Spanos make succession plans, approved wholeheartedly of the plan."); *Id.* at ¶ 16 ("Despite Hunt, [EAN] and then Knapp repeatedly assuring Defendants [sic] multiple times over the years that their plan was approved . . .").
[6] Second Amend. Compl. ¶ 10, ECF No. 21 (emphasis added).
[7] Pls.' Resp. Knapp's Mot Dismiss 4, ECF No. 28.

> (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result.

*Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013) (citing, *inter alia*, *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001)). Thus, for Plaintiffs to defeat a Rule 12(b)(6) motion to dismiss its tortious-interference claim, the Complaint must "contain either direct allegations or permit properly drawn inferences to support" every element of a claim for tortious interference with prospective business relations. *Torch Liquidating Tr. ex rel. Bridge Associates L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (citing *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995)).

First, Plaintiffs have plausibly alleged that there was "a reasonable probability that [they] would have entered into a business relationship with a third party." *Coinmach*, 417 S.W.3d at 923. To sufficiently plead the "reasonable probability" element, Plaintiffs should "describe the specifics of a proposed agreement that never came to fruition." *Corrosion Prevention Techs. LLC v. Hatle*, No. 4:20-CV-2201, 2020 WL 6202690, at *4 (S.D. Tex. Oct. 22, 2020) (citing *Cooper v. Harvey*, 108 F. Supp. 3d 463, 472 (N.D. Tex. 2015)). EAN argues that Plaintiffs fail to meet this element because this case involves only existing contractual relationships.[8] But Plaintiffs have sufficiently alleged that they planned to transition their business to Kvancz, a third party, and that would have created a *new* contractual relationship between Plaintiffs and Kvancz. This agreement never came to fruition. Thus, Plaintiffs have sufficiently pled this element at this stage of the proceedings.

---

[8] Def. EAN's Mot. Dismiss 6, ECF No. 24.

Second, Plaintiffs have also plausibly plead that EAN "either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct." *Coinmach*, 417 S.W.3d at 923. To satisfy this element, the plaintiff must plead that the defendant had "actual knowledge of the prospective contract or business relation," because otherwise, the "interference cannot be intentional." *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, No. 4:15-CV-00627, 2016 WL 8648927, at *11 (S.D. Tex. Mar. 29, 2016), *modified on other grounds*, 2017 WL 1177966 (S.D. Tex. Mar. 29, 2017); *see also Greater Houston Transp. Co. v. Uber Techs., Inc.*, No. 4:14-0941, 2015 WL 1034254, at *19 (S.D. Tex. Mar. 10, 2015) ("To show that a defendant's interference was intentional, a plaintiff must show that the defendant had actual knowledge of the prospective business relations.").

EAN argues that its "decision to cease contact with Kvancz in his capacity as an employee of Case Break" was a business decision, not an inference as to its "desire" to prevent Plaintiffs from transitioning Case Break to Kvancz.[9] But Plaintiffs' retirement plan rested on EAN's approval of their successor. When EAN "vetoed" the succession plan and stated that Kvancz would "need to go," EAN acted with a conscious desire to prevent Plaintiffs from entering into a successor relationship with Kvancz. Plaintiffs have alleged enough facts to support this element.

Third, Plaintiffs have pled with sufficient particularity that EAN engaged in conduct that was "independently tortious or unlawful," because, as discussed *infra*, Plaintiffs have sufficiently pled fraud and negligent misrepresentation. In *Wal–Mart Stores, Inc. v. Sturges*, the Supreme Court of Texas explained that the term "independently tortious" does not require that a plaintiff must be able to prove an independent tort, but rather only that a plaintiff "must prove that the

---

[9] Def. EAN's Mot. Dismiss 7, ECF No. 24.

defendant's conduct would be actionable under a recognized tort." 52 S.W.3d 711, 726 (Tex. 2001). Plaintiffs have met that burden and therefore meet this element.

Fourth, Plaintiff have sufficiently pled the proximate-causation element of a tortious-interference claim. The elements of proximate causation are cause in fact and foreseeability. *BHL Boresight*, 2016 WL 8648927, at *12. To determine cause in fact, the inquiry is "whether the act or omission 'was a substantial factor in causing the injury without which the harm would not have occurred.'" *Id.* (quoting *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995)). Foreseeability turns on the question of whether "the actor, as a person of ordinary intelligence, should have anticipated the dangers that his act created for others." *Id.* Here, Plaintiffs have plausibly alleged that EAN withheld information from Plaintiffs concerning Kvancz's conduct as an employee and that EAN knew at the time that such withholding would make any such transition impossible. EAN's subsequent decision to revoke its approval and demand Kvancz's termination directly led to Plaintiffs' inability to transition their business to Kvancz. Accordingly, Plaintiffs have established the proximate cause element.

Finally, Plaintiffs have sufficiently alleged actual damages. The facts, taken as true, establish that EAN's actions caused Plaintiffs to lose the benefit of their retirement plan by interfering with Plaintiffs planned succession of their business. For all these reasons, Plaintiffs have sufficiently alleged facts necessary to support a claim for tortious interference with a prospective business relationship. Accordingly, EAN's Motion to Dismiss is **DENIED** as to this claim.

### C. Fraud

To state a plausible claim for fraud Plaintiffs must plead with sufficient factual support: "(1) a material misrepresentation; (2) that is false; (3) made with knowledge of its falsity or recklessness as to its truth; (4) made with the intention that it should be acted upon by another

party; (5) relied upon by the other party; and (6) causing injury." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Jag Media Holdings Inc. v. A.G. Edwards & Sons Inc.*, 387 F. Supp. 2d 691, 709 (S.D. Tex. 2004); *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). When alleging fraud in federal court, a heightened pleading standard is imposed in which "a party must state with particularity the circumstances constituting fraud or mistake." FED R. CIV. P. 9(b). A plaintiff asserting a fraud claim must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177; *see also Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d at 206–07. Plaintiffs must specify the "who, what, when, where, and how" of the alleged fraud. *Williams*, 112 F.3d. at 179 (citation omitted).

Plaintiffs have pleaded sufficient facts to meet the elements of fraud under Rule 9(b)'s heightened pleading standard. Plaintiffs have alleged that EAN, through Hunt and Knapp, represented that if Kvancz were hired he could "ultimately succeed [the Spanos] at Case Break" provided that "Case Break's performance did not suffer."[10] Plaintiffs have alleged that EAN knew of the "issues" with Kvancz at the time of the representations to Plaintiffs.[11] Plaintiff's allegations support that Beruti indicated EAN knew of at least one human resources report regarding Kvancz while he was EAN's employee.[12] Because the issues with Kvancz were EAN's stated reason for "vetoing" the succession plan, the fact that EAN was aware of them prior to their representation about supporting Kvancz is evidence that the representation was made with at least recklessness as to its truth. *Flaherty*, 565 F.3d at 212.

---

[10] Second Amend. Compl. at ¶¶ 10–12, ECF No. 21.
[11] Pls.' Resp. Def. EAN's Mot. Dismiss 5, ECF No. 26.
[12] *See* Second Amend. Compl. ¶ 14, ECF No. 21 (Beruti "indicat[ed] that at least one of these incidents had been reported to Human Resources at [EAN] at the time.").

Plaintiffs have also alleged that Hunt desired that Plaintiffs postpone their retirement plans and that EAN's misrepresentation induced Plaintiffs to continue working for EAN until 2023.[13] Plaintiffs have pleaded that they relied to their detriment on EAN's misrepresentations by hiring and training Kvancz.[14] Plaintiffs have specifically alleged that they were ultimately unable to train a successor, having invested years planning a succession around Kvancz and that EAN's initial approval and then ultimate veto compelled Plaintiffs to fire Kvancz and his wife. Accordingly, Plaintiffs have sufficiently pleaded the "who, what, when, where, and how" of EAN's alleged fraud. *Williams*, 112 F.3d. at 179 (citation omitted). For these reasons, Defendant EAN's Motion to Dismiss Plaintiffs' fraud claim is **DENIED**.

### D. Negligence and Negligent Misrepresentation

#### 1. The Economic Loss Rule

Plaintiffs bring claims for negligence and negligent misrepresentation. Defendant first argues that both of Plaintiffs' negligence-based claims are precluded under the economic loss rule.[15] Under Texas law, the economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *Sw. Bell Tele. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). "The economic loss rule generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy." *Chapman Custom Homes, Inc. v. Dall. Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014).

Defendant EAN argues that any duty it has towards Plaintiffs sounds in contract, not tort.[16] EAN maintains that the loss Plaintiffs suffered was the ending of the contractual relationship with

---

[13] *See* Second Amend. Compl. ¶¶ 10–13, ECF No. 21.
[14] *See* Second Amend. Compl. ¶¶ 12–15, ECF No. 21.
[15] Def. EAN's Mot. Dismiss 12–15, ECF No. 24.
[16] Def. EAN's Mot. Dismiss 14, ECF No. 24.

EAN and therefore Plaintiffs "cannot show, that they suffered any loss, let alone a loss independent of the subject matter of the parties' contractual relationship."[17] But as Plaintiffs point out "[e]ven if the matter in dispute is the subject of a contract, a party may elect a recovery in tort if the duty breached stands independent from the contractual undertaking, and the alleged damages are not solely the result of a bargained-for contractual benefit."[18] *Eagle Oil & Gas Co. v. Shale Exploration, LLC*, 549 S.W.3d 256, 268 (Tex. App. — Houston [1st Dist.] 2018, pet. dism'd) (citing *Chapman*, 445 S.W.3d at 718).

Here, Plaintiffs' bargained-for benefit of the contract with EAN is payment in return for locating stolen rental cars.[19] The loss complained of in this lawsuit is that Plaintiffs were unable to transition their business to Kvancz due to EAN's conduct and thus Plaintiffs have had to shutter their business.[20] Neither Plaintiffs nor EAN have alleged that Kvancz's succession was the subject of a contract. Nor has either party argued that Plaintiffs' inability to enact their retirement plan was the result of EAN's failure to perform under the terms of a contract. Accordingly, Plaintiff's damages are not the loss of a contractual expectancy, and the economic loss rule does not apply. *See Eagle*, 549 S.W.3d at 268 ("The economic loss rule bars a recovery in tort for economic losses caused by a breach of contract, *if the losses are due to the failure to fulfill a contractual obligation*." (emphasis added)) (citing *Chapman*, 445 S.W.3d at 718).

2. General Negligence

Defendant EAN also argues that Plaintiffs' negligence claim fails because it did not owe Plaintiffs any special duty to prevent harm.[21] To state a plausible claim for negligence Plaintiffs

---

[17] *Id.*
[18] Pls.' Resp. Def. EAN's Mot Dismiss 6, ECF No. 26.
[19] Second Amend. Compl. ¶ 8, ECF No. 21.
[20] Second Amend. Compl. ¶¶ 15–16, ECF No. 21.
[21] Def. EAN's Mot. Dismiss 15–16, ECF No. 24.

must plead with sufficient factual support: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach. *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008). Thus, as EAN argues, "duty" is the threshold question in connection with any negligence claim. *Pichardo v. Big Diamond, Inc.*, 215 S.W.3d 497, 501 (Tex. App. — Fort Worth 2007, no pet.). "Texas law generally imposes no duty to take action to prevent harm to others absent certain special relationships or circumstances." *Fernea v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 559 S.W.3d 537, 545 (Tex. App. — Austin 2011), judgment withdrawn, appeal dismissed, No. 03-09-00566-CV, 2014 WL 5801862 (Tex. App. Nov. 5, 2014) (quoting *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000)).

Plaintiffs argue that EAN's tort duty flows from the mainstream duty rule that a party must use reasonable care in its affirmative conduct.[22] Plaintiffs assert that EAN "took an affirmative act in first involving itself in Plaintiffs' business—by consenting to the succession plan and by setting guidelines for their consent 'provided that Case Break's performance did not suffer.'"[23] In support, Plaintiffs cite to *Torrington Co. v. Stutzman* where the Texas Supreme Court discussed the "undertaking" theory of liability. 46 S.W.3d 829 (Tex. 2000). To state a claim for negligent undertaking, Plaintiffs must demonstrate that EAN: (1) undertook to perform services that it knew or should have known were necessary for Plaintiff's protection; (2) failed to exercise reasonable care in performing those services; and (3) performed the services in a manner that increased Plaintiff's risk of harm. *Id.* at 838.

Assuming *arguendo* that EAN did take an affirmative course of action affecting Plaintiffs' interests, Plaintiffs must allege that some *physical* harm resulted from EAN's rendition of services.

---

[22] Pls.' Resp. Def. EAN's Mot Dismiss 6–7, ECF No. 26.
[23] Pls.' Resp. Def. EAN's Mot Dismiss 7, ECF No. 26 (citation modified).

*Id.* (quoting Restatement (Second) of Torts § 323 (1965)); *Colonial Sav. Ass'n v. Taylor*, 544 S.W.2d 116, 119–20 (Tex. 1976) (stating that one "who voluntarily undertakes an affirmative course of action for the benefit of another has a duty to exercise reasonable care that the other's *person or property* will not be injured thereby" (emphasis added)). The Fifth Circuit found that both the *Colonial* and *Torrington* panels adopted section 323 of the Restatement. *Wentwood Woodside I, LP v. GMAC Comm. Mortg. Corp.*, 419 F.3d 310, 319 (5th Cir. 2005).

The cases that Plaintiffs cite to argue that EAN's affirmative actions created a duty would only create a duty to protect Plaintiffs person or property. *See Carter v. Abbyad*, 299 S.W.3d 892, 895 (Tex. App. — Austin 2009, no pet.) (citing Restatement (Second) of Torts § 323); *Keightley v. Republic Ins. Co.*, 946 S.W.2d 124, 129 (Tex. App. — Austin 1997, no writ) (citing *Colonial Savings*, 544 S.W.2d at 120). And the damages that Plaintiffs allege here are all pecuniary. Even if EAN's consent to the succession plan were an affirmative act, Plaintiffs have not established that EAN's duty to exercise reasonable care would extend to protecting Plaintiffs' pecuniary interests. *Castania v. Wells Fargo Bank, N.A.*, No. 4:13-CV-80, 2014 WL 1390398, at *4 (E.D. Tex. Apr. 9, 2014). Accordingly, Defendant EAN's Motion to Dismiss is **GRANTED** as to Plaintiffs' negligence claim.

3. Negligent Misrepresentation

To plead a plausible claim for negligent misrepresentation Plaintiffs must allege with sufficient factual support that: (1) EAN made a representation in the course of its business, or in a transaction in which it had a pecuniary interest; (2) EAN supplied "false information" for the guidance of others in their business; (3) EAN did not exercise reasonable care or competence in obtaining or communicating the information; and (4) Plaintiffs suffered pecuniary loss by justifiably relying on the representations. *Horizon Shipbuilding, Inc. v. Blyn II Holding, LLC*, 324

S.W.3d 840, 850 (Tex. App. — Houston [14th Dist.] 2010, no pet.) (citing *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.24 (Tex. 2002)). Moreover, "[i]n a cause of action for negligent misrepresentation, the misrepresentation at issue must be one of existing fact. A promise to do or refrain from doing an act in the future is not actionable because it does not concern an existing fact." *BCY Water Supply Corp. v. Residential Inv., Inc.*, 170 S.W.3d 596, 603 (Tex. App. — Tyler 2005, pet. denied) (internal citation omitted); *see also Alexander v. Grand Prairie Ford, L.P.*, No. 3:02-CV-1561-K, 2007 WL 1576260, at *6 (N.D. Tex. May 31, 2007) (holding that "the misrepresentation at issue must be one of existing fact, not a promise of future conduct"). Where, as here, fraud and negligent misrepresentation claims are sufficiently intertwined, the Fifth Circuit has recognized that Rule 9(b) can apply to a claim for negligent misrepresentation. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 n.3 (5th Cir. 2010).

EAN argues that because EAN's alleged representation was that it *would* accept the Kvancz succession, EAN's representation was not one of existing fact and is thus not actionable under a theory of negligent misrepresentation.[24] Plaintiffs respond that EAN "reneged on its assurances due to problems with Kvancz that [EAN] knew of prior to making these representations to Plaintiffs for reasons that emerged during [Kvancz's] employment with them."[25] The Court agrees with Plaintiff.

At bottom, Plaintiffs' and EAN's relationship is a business relationship. Plaintiffs has sufficiently alleged that EAN during the course of its business with Plaintiffs, EAN represented that they had no issues with Kvancz nor with his succession.[26] But, as discussed *supra*, when EAN made its representation, it knew of the issues with Kvancz. Because those issues would ultimately

---

[24] Def. EAN's Mot. Dismiss 17, ECF No. 24.
[25] Pls.' Resp. Def. EAN's Mot Dismiss 8, ECF No. 26.
[26] Second Amend. Compl. ¶¶ 12–16, ECF No. 21.

be the basis for EAN's "vetoing" of Kvancz's succession, Plaintiffs have sufficiently pled that EAN made a misrepresentation in the course of its business with Plaintiffs and Plaintiffs suffered pecuniary loss by justifiably relying on the misrepresentations. *Horizon Shipbuilding*, 324 S.W.3d at 850. Accordingly, Defendant EAN's Motion to Dismiss Plaintiffs' negligent misrepresentation claim is **DENIED**.

### IV. CONCLUSION

Accordingly, Defendant Timothy Knapp's Motion to Dismiss (ECF No. 25) is **GRANTED** and all claims against Knapp are **DISMISSED with prejudice**. Defendant EAN's Motion to Dismiss (ECF No. 24) is **GRANTED in part** and **DENIED in part**. Plaintiffs' claim against EAN for general negligence is **DISMISSED with prejudice.** Plaintiffs' remaining claims against EAN are (1) tortious interference with prospective business relations, (2) fraud, and (3) negligent misrepresentation.

**SO ORDERED** on this **24th day** of **February, 2026**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**